IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LEONARD THOMAS WALKER,

vs.                                           3:09cv337/MCR/MD

UNITED STATES ATTORNEY,
DISTRICT OF FLORIDA
PENSACOLA DIVISION

## ORDER and
## REPORT AND RECOMMENDATION

This matter is before the court upon the federal defendant's motion to strike and to dismiss (doc. 16) and the plaintiff's response thereto. (Doc. 22). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that the motion should be GRANTED/DENIED.

## Background

Plaintiff Leonard T. Walker was convicted after a jury trial in case number 3:96cr76/RV of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine on a date certain. He was sentenced to a term of life imprisonment. His conviction and sentence were affirmed on appeal in April of 1998. (Case 3:96cr76/RV, doc. 62). He filed a timely motion to vacate pursuant to 28 U.S.C. § 2255 which was denied, and this denial was affirmed on

appeal. (Case 3:96cr76/RV, doc. 70, 75 & 85). In September of 2000, he filed a second motion to vacate pursuant to 28 U.S.C. § 2255 which was also denied and the appeal was dismissed due to his failure to make a substantial showing of the denial of a constitutional right. (Case 3:96cr76/RV, doc. 90, 108 & 111). In 2003, Walker filed a petition for a writ of *audita querela* under 28 U.S.C. § 1651, which was also denied, and the appeal dismissed. (Doc. 112, 113 & 136). The Eleventh Circuit denied Walker's application for leave to file a second or successive § 2255 motion in July of 2005. (Case 3:96cr76/RV, doc. 138). In July of 2006, Walker filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6), which, like his previous post-conviction motions was denied and the appeal dismissed. (Case 3:96cr76/RV, doc. 139, 141 & 163). In November of 2006, he filed a motion to compel the production of documentary evidence and for the issuance of subpoenas seeking information with respect to the grand jury proceedings which was denied via R&O, as was his motion for reconsideration. (Case 3:96cr76/RV, doc. 153 & 156, 160 & 161). He appealed, and the appeal was dismissed due to his failure to pay the $455.00 appellate filing fee. (Case 3:96cr76/RV, doc. 177). Walker moved in January of 2008 for a writ of habeas corpus pursuant to 28 U.S.C. § 1651(A) to challenge subject matter jurisdiction and to recuse Judge Vinson. (Case 3:96cr76/RV, doc. 178 & 179). Again, both motions were denied by the district court and he unsuccessfully appealed the denial of the motion for writ of habeas corpus and failed to prosecute the appeal of the motion for recusal. (Case 3:96cr76/RV, doc.180, 181, 219, 223). In April of 2008, he filed a motion to obtain the factual record of the grand jury proceedings which was denied in June of 2008 after response by the government. (Case 3:96cr76/RV, doc. 213, 217 & 224).

### The Complaint

Plaintiff Walker has labeled his case as arising under Title 5 U.S.C. § 552(a)(4)(B), which governs public information, agency rules, opinions, orders,

records and proceedings. He contends that Judge Lacey Collier, U.S. Attorney Michael Patterson, then-assistant United States Attorney Kenneth S. Korea, the Clerk of the Court, the "Court Stenographer," grand jury foreperson Robert W. Nance and the Probation Officer all took place in "perpetrating a fraud" on him during his criminal proceedings. Defendant asserts that he appeared in court on October 16, 1996 with Attorney Ted A. Stokes, and all of the above-listed individuals were present. He claims that when court was convened the judge could not find an indictment filed on Walker, at which point Walker told his attorney that if there was no properly filed indictment, that he should be allowed to leave. The judge then reportedly asked the Clerk of Courts[1] if anyone remained in the Grand Jury room, and after being informed that everyone had left, the Clerk was directed to go to the Grand Jury room and get the indictment forms. After reviewing the forms, the judge noted that there were no signatures on the indictment, and that there was no a place on the indictment for a signature. He returned the form to the Clerk of Court who indicated that she would type a place for the signature on the indictment. The judge asked AUSA Korea if he could sign the indictment, and he stated that he could not, but that Michael Patterson could sign it. At this time, the Clerk returned to the courtroom with one of the grand jurors, Robert Nance. When questioned by the court, Mr. Nance indicated that he was not the foreperson. He was nonetheless sworn in as the foreperson, and he and Mr. Patterson signed the indictment. When the indictment was passed back to Judge Collier, he noted that there was no indictment number, and the Clerk of Court wrote in 3:96cr76/RV. Walker contends that this is a fraud perpetrated against him and proceeds to argue that the indictment was defective in several respects. (Doc. 1 at 4).

Defendant enumerates ten questions that relate to the legality or constitutionality of the grand jury process in his case. (Doc. 1 at 5-6). He then claims that infirmities in the grand jury proceedings resulted in violations of twelve

---

[1] It appears that the individual Walker means to identify is the courtroom deputy.

federal statutes and two constitutional provisions. (Doc. 1 at 6-7). Next, he asserts that the U.S. Attorney, Assistant U.S. Attorney and the District Judge violated ethical standards of their office in engaging in this conduct. (Doc. 1 at 7-8). In his claim for relief, he notes his submission of a Freedom of Information Act (FOIA) request, and requests that defendant be enjoined from withholding the records and directed to release them within a specific period of time, that he be provided with a copy of the court's official docket for October 16, 1996 and records of counsel indicating his whereabouts on that date, along with records of AUSA Korea and other individuals pertaining to this matter. He also seeks attorney's fees and costs and $16,000,000 in damages.

The majority of the exhibits attached to the complaint relate to defendant's criminal case and include copies of pleadings filed in those proceedings and a copy of the docket sheet. Exhibit 4 to the complaint is a FOIA request dated August 26, 2008. (doc. 1, exh. 4). In this request, plaintiff states:

> On October 16, 1996, I appeared with my Attorney; Mr. Ted A. Stokes, before the Honorable Judge Lacy (sic) Collier. I need the name and address of the court reporter/stenographer in the proceedings, re: USCD NDFL Case no: 3:96cr76/RV

(doc. 1, exh. 4)

Plaintiff revised his request on December 19, 2008, stating as follows:

> I appeared before Judge Lacy (sic) Collier on October 16, 1996 who was sitting in for the judge who had my case. The judge who was on my case was Judge Roger Vinson at which time he was not available, so Judge Collier sat in for Judge Vinson. At this time, I am requesting "Any and ALL documents from such date and time when I was before Judge Lacy (sic) Collier."

(Doc. 1, exh. 5)

Also included is a letter of appellate review affirming the action of the Executive Office of the United States Attorney (EOUSA). (Doc. 1, exh. 3). The letter indicated that EOUSA, after an adequate and reasonable search, had located no

records responsive to Walker's request for records pertaining to his October 16, 1996 hearing before Judge Lacey Collier.  The appellate reviewer also noted that there was no docket entry indicating that a hearing had taken place on October 16, 1996 in Walker's criminal case, and thus the response of the EOUSA was correct. (Doc. 1, exh. 3).  It is from this response that plaintiff appeals.

**Legal Standard for Motions to Dismiss**

In ruling on a motion to dismiss, plaintiff's well-pled allegations are accepted as true and construed in the light most favorable to him.  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009); *Oxford Asset Managment Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997).  Nonetheless, conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not insulate a complaint from dismissal.  *Ashcroft v. Iqbal,* 556 U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Oxford Asset Managment Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *Sinaltrainal v. Coca-Cola Co.*, 2009 WL 2431463 (11th Cir. 2009). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Iqbal,* 129 S.Ct. at 1950; *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-1969, 1974 (2007) (retiring the "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard).  A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim.  *LeFrere v.* Quezada, 582 F.3d 1260, 1263 (11th Cir. 2009); Marsh *v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

**The Defendant's Motion to Strike and or Dismiss**

The defendant observes in its motion that much of plaintiff's complaint goes beyond the scope of the FOIA request and he appears to be seeking review of his

criminal conviction. To the extent that Walker seeks to litigate issues beyond the scope of his FOIA request, these matters should be stricken. Plaintiff Walker concurs in his response that this is appropriate. (Doc. 22 at 2-3).

Defendant argues that plaintiff's request for "the court's official schedule or calendar for October 16, 1996 or equivalent document that lists cases docketed on that day" and "the record of the defense (Petitioner)" (doc. 1 at 9) are foreclosed because plaintiff failed to include these requests with his initial or revised FOIA requests. Furthermore, the Office of the United States Attorney does not have possession of either these documents or transcripts of the proceedings held before Judge Collier on October 16, 1996.[2] Because these requests are beyond the scope of plaintiff's FOIA requests or impossible for the defendant to provide, they should be dismissed.

The plaintiff also seeks "the official records that by law must be kept in regards to the grand jury that indicted the Petitioner [including] the Foreperson, Deputy Foreperson, anyone who replaced either foreperson and the circumstances involved." (Doc. 1 at 10, ¶ 7). The government argues that transcripts of grand jury proceedings cannot be released absent a petition for a disclosure order pursuant to Fed.R.CrimP. 6(e)(3)(F) and that plaintiff has already unsuccessfully moved "to obtain the factual record of the proceedings of [his] indictments by the Grand Jury in open Court before a Federal Magistrate Judge pursuant to 28 U.S.C. § 753(b)" in his criminal case. (Case 3:96cr76/RV, doc. 213 & 224).

Plaintiff's repeated assertion that he was at a hearing before Judge Collier on October 16, 1996 is simply unsupported by court records. The docket sheet in plaintiff's criminal case reflects that the indictment and an "information sheet" were filed on October 16, 1996. Magistrate Judge Susan M. Novotny signed an order for issuance of an arrest warrant for Walker on that same date, but the warrant was no

---

[2] The date of the proceedings to which plaintiff refers was clearly October 16, 1996, although it is variously referred to in the government's motion as December 16, 1009 and October 16, 2006 (doc. 16 at 6 and n.4)

returned executed until November 14, 1996. (Case 3:96cr76/RV, doc. 3 & 5). Walker's first appearance was held the following day, on November 15, 1996 and Judge Novotny entered an order of temporary detention and appointed the Office of the Federal Public Defender to represent defendant Walker. (*Id.,* doc. 6, 7, 8). He was arraigned on November 19, 1996 represented by attorney James E. Taylor and ordered detained. (*Id.,* doc. 10, 11, 14 & 15). Attorney Ted Stokes, who defendant alleges was present with him on October 16, 1996 did not enter his notice of appearance until December 6, 1996. (*Id.,* doc. 17). Thus there is no record support for plaintiff's assertion that he appeared before Judge Collier, or any judge, on October 16, 1996, or his suggestion that the criminal docket contains wholly inaccurate information. Because of this, to the extent he maintains that production of the transcripts would be appropriate under Fed.R.Crim.P. 6(e), he additionally has failed to demonstrate a particularized need for the grand jury transcripts from the date in question. For all the foregoing reasons, his case should be dismissed.

Accordingly, it is ORDERED:

In light of the foregoing, defendant's motion to strike plaintiff's first request for production of documents or in the alternative for protective order (doc. 24) is GRANTED as it is moot.

And it is respectfully RECOMMENDED:

The defendant's motion to strike and to dismiss (doc. 16) be GRANTED.

At Pensacola, Florida, this 1st day of March, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

*Case No: 3:09cv337/MCR/MD*

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**